FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 10 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                      Plaintiff,

    -against-

MJM ASSOCIATES CONSTRUCTION LLC and
HARVEY BRILL,

                      Defendants.

----------------------------------------------------------------x

**ORDER**

12-cv-0080 (ENV)

**VITALIANO, D.J.**

      In the instant action, plaintiff American Empire Surplus Lines Insurance Company ("American Empire") seeks relief under the Declaratory Judgment Act: a declaration that it owes no obligation, under the insurance policies it issued to defendant MJM Associates Construction LLC ("MJM"), to defend or indemnify MJM in connection with claims asserted against MJM by co-defendant Harvey Brill in an underlying civil tort action pending in state court, in which Brill also sued two other contractors and the owner of the property where they were working, for damage to Brill's adjacent property. Brill alleges that negligent conduct by these defendants in the course of the construction work caused the damage to his property.

      Brill has requested permission to file a motion to dismiss on the basis that (1) there is no case or controversy and therefore this Court lacks subject matter jurisdiction; (2) it would be more appropriate for plaintiff to intervene in the underlying state court action; and (3) plaintiff has failed to join a necessary party, Joseph Shamah, the construction project property owner, under Federal Rule of Civil Procedure Rule 19. The latter argument rests on the fact that Shamah filed cross claims against MJM in the

underlying state action alleging that MJM is responsible for Brill's alleged damages. American Empire filed a letter in response opposing Brill's request to file a motion to dismiss and requesting a pre-motion conference on Brill's request to file his motion. The Court finds that the parties' letters are sufficient to advise the Court of the parties' positions and to enable it to determine the proposed motions without a pre-motion conference or further briefing.

## DISCUSSION

First, there is a case or controversy between American Empire and Brill such that subject matter jurisdiction is proper. See 10B Wright, Miller & Kane, Federal Practice & Procedure § 2757, at 476 (3d ed. 1998) (citing Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) (holding that injured parties possess a justiciable case or controversy against the insurer)); see also, Travelers Ins. Co. v. Monpere, No. 93-CV-0127E(F) 1997 WL 9792, at *3 (W.D.N.Y. Jan. 2, 1997). Second, Brill's protests that it would have been more appropriate for American Empire to intervene in the underlying state action are frankly irrelevant to plaintiff's right to seek redress in this Court. See Continental Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 738 (2d Cir. 1992) ("[t]he availability of declaratory relief in the state court, unsought by any party, does not . . . preclude the exercise of jurisdiction to grant such relief in the federal action") (internal citations omitted).

Third, Shamah is not a necessary party to this action. According to Rule 19(a), a party is required to be joined, if feasible, if "in that person's absence, the court cannot accord complete relief among existing parties," Fed. R. Civ. P. Rule 19(a)(1), or "the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" either "impair or impede" that interest or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." Fed. R. Civ. P. Rule 19(a)(2). Shamah does not meet the criteria of either Rule 19(a)(1) or 19(a)(2). To start, this Court can accord complete relief among American Empire, MJM and Brill, as this action concerns only the terms of insurance policies between

American Empire and MJM, and both are parties to this case. See Federal Ins. Co. v. SafeNet, Inc., 758 F. Supp. 2d 251, 259 (S.D.N.Y. 2010) (where insurer seeks a declaratory judgment against insured, the court can accord complete relief because both parties to the insurance policies in question are parties to the action). Additionally, joinder is improper under 19(a)(2) because Shamah has not claimed any interest in this action. See id. at 258-59 (where absent party has not asserted that he must join the suit to protect his interests, he is not a necessary party under Rule 19(a)(2) (citing Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir.1996)). Practically, indeed, Shamah's interest in keeping American Empire on the hook is well-represented by Brill.

Finally, the Court denies American Empire's motion for default judgment against defendant MJM because MJM has filed its answer (though approximately two months after the default motion was filed), and because of the "strong presumption for resolving disputes on the merits," City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation omitted). Bluntly, since prejudice is inconceivable on this timeline, the Court vacates the Clerk's entry of default, and extends nunc pro tunc MJM's time to answer through the date the answer was filed, May 22, 2012.

## CONCLUSION

For the forgoing reasons, defendant Brill's motion to dismiss is deemed made and denied. Plaintiff American Empire's request for a pre-motion conference on Brill's motion is denied as moot. Plaintiff American Empire's motion for default judgment against defendant MJM is denied, and the Clerk is directed to vacate the entry of default.

SO ORDERED.

Brooklyn, New York
July 3, 2012

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge